■ In the Matter of the Arbitration between PPX ENTERPRISES, INC., Respondent, and DUCALE EDIZIONE MUSICALI et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County, entered January 27, 1976, confirming arbitration award and denying the cross motion to vacate the arbitration award, is unanimously reversed, on the law, without costs and without disbursements, and vacated. The award is vacated and the matter remanded for further proceedings following the demand for arbitration, not inconsistent herewith. The demand for arbitration heretofore served shall be deemed served as of 10 days after the date of the order determining this appeal. Petitioner PPX Enterprises, Inc. (PPX) and appellant Ducale Edizione Musicali (Ducale) were parties to an agreement with respect to musical recordings; the agreement contained an arbitration clause providing for arbitration in New York City under the rules and auspices of the American Arbitration Association. PPX is a New York corporation. Ducale is an Italian corporation with its offices in Brebbia

(Varese), Italy. PPX's demand for arbitration dated December 24, 1973 was mailed to Ducale and received by Ducale on January 7, 1974. The hearing before the arbitrator was held on March 18, 1974 and the arbitrator's award was dated April 11, 1974. Between the date of the demand for arbitration and the hearing and award there occurred a series of procedural mishaps which we think substantially prejudiced Ducale's rights. On December 27, 1973 the arbitration association mailed Ducale notice of the commencement of the arbitration proceeding with instructions on how to respond, a rule book, and a list of proposed arbitrators. But it mailed these papers to Italy by ordinary surface mail with insufficient postage. Ducale did not receive these papers until March 28, 1974, 10 days after the hearing. However, Ducale did receive some later mailed papers before then. Thus, on January 15, 1974, the arbitration association mailed a notice extending the time to select arbitrators to January 25, 1974. This notice was the first communication from the arbitration association that Ducale received. It did not include the list of arbitrators, and was only received by Ducale on February 5, 1974, 11 days after the expiration of the extended time. Ducale then wrote a letter to PPX apparently relating to settlement with a copy to the arbitration association; the suggestion was rejected by PPX. Meanwhile under date of February 8, 1974, the arbitration association mailed a formal notice that the hearing would be held on March 14, 1974 before Richard Rudell, the administratively chosen arbitrator. Ducale denies ever receiving this notice. However, after the failure of the settlement correspondence, the arbitration association on February 25, 1974 mailed a letter to Ducale stating that the hearing would remain on the calendar on March 14, 1974. This was received by Ducale on March 6, 1974, and according to Ducale was the first notice to Ducale of a hearing date. If the hearing had been held on March 14, 1974, it might be arguable that Ducale would be bound by it. But no hearing was held on March 14, 1974. PPX argues that in fact the hearing was begun on March 14 and then adjourned. But this is conclusively refuted by the contemporaneous documentation. On March 14, 1974 the administrator of the arbitration association wrote the parties stating that "due to a misunderstanding regarding dates, the hearing in the above captioned matter did not proceed on March 14, 1974. By direction of the Arbitrator, this matter will now be heard on Monday, March 18, 1974, at 4:00 P.M. A revised Notice of Hearing is enclosed." Thus a new hearing was scheduled for March 18, 1974 with a new notice of hearing rather than a mere adjournment. This letter and notice were mailed at the earliest by air mail on March 14, 1974, for a hearing on March 18, 1974. Not too surprisingly, they arrived in Italy on April 10, 1974, over three weeks after the hearing date and the day before the award. Again, however, a later communication arrived earlier. After the hearing was held on March 18, 1974 (Ducale failed to appear), the arbitration association on March 19, 1974 sent a letter to the parties stating that the hearing had been held and closed; this letter was received on March 27, 1974. The next day, March 28, 1974, Ducale received the long delayed original notice of December 27, 1973 from the arbitration association. On March 29, 1974, Ducale wrote to the arbitration association expressing surprise that so important a document as the notice of December 27, 1973 had been sent by surface mail. In reply the arbitration association tribunal administrator wrote Ducale on April 5, 1974 that the hearings had been formally closed and that no further correspondence could be submitted to the arbitrator. It is clear that Ducale knew that there was an arbitration proceeding and that a hearing had been scheduled for March 14, 1974. It was not timely informed of its right to participate in its choice of arbitra-

tors. It never received any notice of the names of the proposed arbitrators. And particularly and most significantly, Ducale was not given valid or effective notice of the time and place of the only hearing held by the arbitrator, the hearing of March 18, 1974. Having decided to give Ducale a new notice of hearing and to treat the old one as a nullity, the arbitration association was bound to give Ducale a valid and meaningful notice. The minimum standard for any method of giving notice is that it shall be "reasonably calculated to give [the other party] actual notice of the proceedings and an opportunity to be heard." *(Milliken v Meyer,* 311 US 457, 463.) A notice mailed to a provincial town in Italy four days in advance of a hearing plainly fails to meet that standard. Indeed CPLR 7506 (subd b) requires notice of the time and place of an arbitration hearing to be given personally or by registered or certified mail not less than eight days before the hearing. This defect, along with the history of other procedural mishaps, persuades us that there has been a "failure to follow the procedure of this article [art 75]." (CPLR 7511, subd [b], par 1, cl [iv].) The judgment below was rendered not only against Ducale but also against its principal Mr. David Matalon, who was apparently not a party to the arbitration agreement. However, liability of Mr. Matalon appears not to have been explored at Special Term so we make no further determination as to him beyond vacating the proceedings as we are doing with respect to Ducale. As we are remanding for *de novo* proceedings (except as to the demand for arbitration), the present determination is without prejudice to any application that any party may make at Special Term to determine whether Mr. Matalon is properly a party to or bound by the arbitration. Concur—Markewich, J. P., Birns, Silverman, Capozzoli and Lane, JJ.