In the Matter of the Arbitration Between CORAL KINGDOM OF KANEOHE, LTD., Petitioner-Appellee, *v.* MIJA HARTER; J. C. PACIFIC JEWELRY OF HAWAII AND JEANIE S. CHUN, Respondents-Appellants, and CLARENCE HIRATA and DIANE HIRATA, Respondents

NO. 7984

(S. P. NO. 5152)

SEPTEMBER 1, 1982

RICHARDSON, C.J., LUM, NAKAMURA, PADGETT AND HAYASHI, JJ.

*Per Curiam.* Appellants petitioned the circuit court to vacate the findings and decision of the arbitrator. The trial judge entered an order confirming the award over the objections of appellants, who

claimed that the arbitrator's award should be vacated under HRS §§ 658-8 and 658-9. We reverse.

This dispute arose out of lessees' (Appellants Harter and Chun) use of the commercial leasehold. Landlord (Appellee Coral Kingdom) claimed that the storefront used by lessees was not included in the lease, and instituted summary proceedings. These proceedings were stayed, pursuant to court order, pending arbitration because the lease provided that:

> [i]f any dispute arises under this Agreement, the same shall be settled by arbitration in accordance with the rules of the American Arbitration Association in effect at the time the dispute arises, and judgment may be entered in any court having jurisdiction.

Landlord submitted a demand for arbitration in September, 1979.[1] The American Arbitration Association acknowledged receipt of landlord's demand to all parties, and enclosed a list of possible arbitrators and dates so that the parties could indicate their choices. Only the attorney for landlord responded to this request. The Association subsequently sent the attorneys for landlord and lessees a notice of prehearing, set for March 7, 1980, on January 16, 1980. The attorney for lessees denies having received such notice.

Thus, on March 7, 1980, the prehearing was attended by only the arbitrator and attorney for landlord. After waiting 20 minutes for lessees' attorney, the arbitrator phoned him, and was informed that the attorney had left for the day. The arbitrator left his name and phone number, then proceeded to hear landlord's statement of the case. The arbitrator sent lessees' attorney a notice of the scheduled hearing, set for March 14, 1980, on the first working day following the prehearing, March 10, 1980. Lessees' attorney, however, failed to receive the notice until March 13, 1980, and actually opened the letter after working hours, March 14, 1980. The arbitrator received landlord's Verified Complaint (which included Exhhibit A, the lease agreement) and landlord's sworn testimony at the hearing.

---

[1] The nature of the dispute was described as a claim for "accrued rents for tenants [sic] use of extra commercial space which is not included in tenants' lease." The relief sought was: The accrued fair market rents for the extra commercial space, the cessation of tenants' use of the unpaid-for commercial space, or eviction of the tenants from the premises.

Despite the absence of respondents (lessees) and their attorney, the arbitrator concluded that the claimant had presented a prima facie case, and issued his decision and award.[2]

Lessees' attorney requested a rehearing the first working day following the hearing, claiming he did not receive notice of the hearing scheduled for March 14, 1980 until after the hearing was concluded because he was involved in a trial. The arbitrator and the Association denied the request.

Coral Kingdom subsequently moved the First Circuit Court for an order confirming the arbitration award. Lessees, through newly retained attorneys, moved to vacate the award under HRS § 658-9.[3]

---

[2] The arbitrator made the following findings of fact and conclusions of law:

(1) The Harter and Chun cases — In each case, there was a written lease of designated store space in an area devoted to many shops and with common areas to and from the various shops in the small area. Both Harter and Chun undertook to display merchandise in the common area fronting their stores and this was done without authority or right and without being willing to pay extra rent for such space as was offered by the landlord. The Arbitrator finds no legal basis for defendants' actions and rules that their continued use of the extra area after notice by the landlord to either cease its use or pay the stated rent amounted to an implied rental of such space as [sic] such rates. Based thereon, the Arbitrator orders:

(a) That Harter owes plaintiff back rent in the sum of $3750.00 representing rental at the rate of $375.00 per month from May 1, 1979, to and through February 29, 1980, together with statutory attorney commissions and costs, and also that plaintiff has the right to have Harter cease and desist from further use of such extra space.

(b) That Chun owes plaintiff back rent in the sum of $4,480.00 representing rental at the rate of $448.00 per month from May 1, 1979, to and through February 29, 1980, together with statutory attorney commissions and costs, and also that plaintiff has the right to have Chun cease and desist from further use of such extra space. . . .

[3] § 658-9 *Vacating award.* In any of the following cases, the court may make an order vacating the award, upon the application of any party to the arbitration:

(1) Where the award was procured by corruption, fraud, or undue means;

(2) Where there was evident partiality or corruption in the arbitrators, or any of them;

(3) Where the arbitrators were guilty of misconduct, in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence, pertinent and material to the controversy; or of any other misbehavior, by which the rights of any party have been prejudiced;

(4) Where the arbitrators exceeded their powers, or so imperfectly executed

Harter asserts error in that (1) the arbitrator decided a matter beyond the scope of the arbitration agreement and (2) inadequate notice and denial of the opportunity to be heard rendered the award void or, alternatively, failure to provide reasonable notice constituted misconduct. Chun asserts error in that (1) the arbitrator failed to postpone the hearing where sufficient cause was shown; (2) the arbitrator's conduct severely prejudiced Chun; and (3) the arbitrator imperfectly executed his powers by violating the notice requirements, in not considering reopening the hearing, and by communicating directly with an adverse party. The court confirmed the award. The lease provision regarding arbitration clearly provided that the dispute be settled *"in accordance with the rules* of the American Arbitration Association." (Emphasis added.)

Arbitration, as a quasi-judicial proceeding, includes notions of due process. The Commercial Arbitration Rules of the American Arbitration Association thus requires:

§ 20. TIME AND PLACE — The Arbitrator shall fix the time and place of hearing. *The AAA shall mail to each party notice thereof at least five days in advance,* unless the parties by mutual agreement waive such notice or modify the terms thereof.

(Emphasis added.)

In this case, the Association did not mail the lessees notice of the hearing five days in advance, and the appellants did not waive that notice. The record shows that they were actually prejudiced by the lack of the five-day notice. The arbitrator, therefore, violated § 658-9(3), HRS, in refusing lessees a hearing after their failure to receive notice was called to his attention.

Accordingly, we reverse.

*Michael T. I. Kim* and *Glenn S. Takabuki (Hong, Sato & Takabuki* of counsel) on the brief for appellants, J. C. Pacific Jewelry and Jeanie Chun.

---

them, that a mutual, final and definite award, upon the subject matter submitted, was not made.

Where an award is vacated and the time, within which the agreement required the award to be made, has not expired, the court may in its discretion direct a rehearing by the arbitrators. [CC 1859, § 933; RL 1925, § 2932; Am. L. 1925, c 276, pt of § 1; RL 1935, § 4178; RL 1945, § 8709; RL 1955, § 188-9]

*Linda M. Katsuki (Mukai, Ichiki, Raffetto & MacMillan* of counsel) on the brief for appellant, Mija Harter.
*Sidney Michael Quintal* for appellee (no answering brief filed).