857 P.2d 35

**Thomas JAYCOX, Plaintiff–Appellant,**

v.

**Bertrelle EKESON, Defendant–Appellee.**

**No. 20754.**

Supreme Court of New Mexico.

July 8, 1993.

James R. Beam, Albuquerque, for plaintiff-appellant.

Whitney C. Buchanan, Cynthia A. Fry, Albuquerque, for defendant-appellee.

## OPINION

BACA, Justice.

Plaintiff-appellant Thomas Jaycox appeals from the trial court's denial of his application to vacate an arbitration award in favor of defendant-appellee Bertrelle Ekeson. Jaycox raises five issues that he contends mandate a reversal of the trial court: (1) Whether an oral agreement to

share expenses during unlawful cohabitation is unenforceable as a violation of public policy; (2) whether the trial court erred in affirming the arbitration award because the agreement lacked mutual assent; (3) whether the results of the arbitration proceedings are void for lack of proper notice and a refusal to postpone upon a showing of sufficient cause; (4) whether the failure to postpone the arbitration proceedings violates the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. §§ 501–591 (1988); and (5) whether the trial court erred when it failed to adopt findings of fact and conclusions of law. We review the trial court's decision pursuant to SCRA 1986, 12–102(A)(1) (Repl.Pamp.1992), and reverse.

## I

In March of 1989, Jaycox and Ekeson met and shortly thereafter decided to live together in Ekeson's residence. Their cohabitation continued through October of 1990. Following the dissolution of the relationship, Jaycox filed a complaint against Ekeson alleging malicious prosecution and requesting an allocation of debts and assets, creation of a constructive trust, and injunctive relief. Ekeson answered and counterclaimed alleging breach of contract and later amended her answer to add an allegation of fraud. In April of 1991, the parties agreed to drop all tort allegations and have the matter presented to binding arbitration.

On September 30, 1991, the first arbitration hearing was held. Jaycox was not present at this hearing, but with the consent of counsel for both parties, testimony of two witnesses was introduced. At a second hearing on January 31, 1992, both Jaycox and Ekeson testified under oath. At the close of this hearing, the arbitrator suggested a possible settlement and set a date by which the settlement was to be concluded. If the settlement was not concluded by that date, the arbitrator indicated that a third hearing of a half day would be held. On February 6, 1992, the arbitrator's secretary attempted to notify counsel for each party that the third hearing had been scheduled for February 11. She was un-

able to reach Jaycox's counsel by telephone until the morning of February 7. Jaycox's counsel received written notice of the third hearing on February 10.

Jaycox's counsel appeared at the February 11 hearing and made an oral motion for a continuance, asserting that Jaycox had not received timely notice and that Jaycox was unable to be present because he was out of state on a military assignment. The arbitrator denied the motion, and the third hearing was held. On February 27, the arbitrator issued findings of fact and conclusions of law, the substance of which was that the parties had cohabitated, that they had an agreement to share expenses, and that Ekeson should be awarded certain pre- and post-separation expenses.

On May 18, 1992, Jaycox filed an application to vacate the arbitration award pursuant to the New Mexico version of the Uniform Arbitration Act, NMSA 1978, Sections 44–7–1 to –22 (the "Arbitration Act"). At the conclusion of an evidentiary hearing, the district court denied Jaycox's application and entered a judgment confirming the arbitrator's award, without issuing findings of fact and conclusions of law. From this judgment, Jaycox appeals.

## II

The only issue that we address is whether the arbitration award should be vacated because of a lack of proper notice to Jaycox and because the arbitrator refused to postpone the third hearing upon a showing of sufficient cause. Citing Section 44–7–5(A), Jaycox first argues that he did not receive sufficient notice of the third hearing. Citing Section 44–7–12(A)(4), Jaycox also argues that the arbitrator failed to postpone the third hearing upon sufficient cause being shown and that as a result he suffered prejudice. Jaycox concludes that the trial court erred when it failed to vacate the arbitration award. Ekeson replies that Jaycox has not established that the lack of proper notice or the failure of the arbitrator to postpone the hearing in any way prejudiced Jaycox's ability to present his case.

Where freely chosen by the parties, arbitration is a favored method of resolving disputes because it is a relatively inexpensive and speedy process. *State ex rel. Hooten Constr. Co. v. Borsberry Constr. Co.*, 108 N.M. 192, 193, 769 P.2d 726, 727 (1989). Once an arbitration award is entered, it should be accorded great deference by the district court on review. *Id.* "It is not the function of the court to hear the case de novo and consider the evidence presented to the arbitrators, but rather to conduct an evidentiary hearing and enter findings of fact and conclusions of law upon each issue raised in the application to vacate or modify the award." *Melton v. Lyon*, 108 N.M. 420, 421, 773 P.2d 732, 733 (1989). While judicial review of arbitration awards is limited to the grounds established in the Arbitration Act, *United Technology & Resources, Inc. v. Dar Al Islam*, 115 N.M. 1, 3, 846 P.2d 307, 309 (1993), the court may review arbitration proceedings to ensure that they comport with the Act's procedural requirements. *See* Sections 44–7–5 & –12(A)(4); *see also PPX Enters., Inc. v. Musicali*, 53 A.D.2d 555, 384 N.Y.S.2d 801, 803 (1976) (vacating arbitration award for failure to follow statutory procedure), *aff'd*, 42 N.Y.2d 897, 397 N.Y.S.2d 987, 366 N.E.2d 1341 (1977).

The procedural safeguards of the Arbitration Act are found in Section 44–7–5, and the standards for review by the district court are found in Sections 44–7–12 and –13. Section 44–7–5(A) provides in pertinent part that "the arbitrator shall appoint a time and place for the hearing and cause notification to the parties to be served personally or by registered mail or certified mail, return receipt requested, not less than five days before the hearing."[1] Section 44–7–5(B) entitles "the parties ... to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing...." Section 44–7–12(A)(4) provides that the district court "shall vacate an award where ... the arbitrator[ ] refused to postpone the hearing upon sufficient cause being shown

therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5 [44–7–5 NMSA 1978], as to prejudice substantially the rights of a party...." The grammatical structure of this provision suggests that the "prejudice" clause only modifies the "otherwise so conducted" clause, and not the other two grounds for vacating the award. For purposes of this opinion, however, we assume without deciding that failure to give proper notice to a party must substantially prejudice that party's rights before an arbitration award will be vacated under Section 44–7–12(A)(4).

In this case, it is undisputed that Jaycox did not receive written notice of the third arbitration hearing until the day before that hearing, contrary to the requirement of Section 44–7–5(A) that notice be served not less than five days before the hearing is to be held. Ekeson argues, however, that Jaycox cannot show that he was prejudiced by his lack of adequate notice and inability to attend the third hearing because (1) Jaycox would have been unable to attend the third hearing because of a prior military commitment even if he had received adequate notice; (2) Jaycox testified at a prior hearing, and Jaycox's counsel extensively cross-examined Ekeson at the third hearing; and (3) even if Jaycox had testified at the third hearing, the arbitrator would have resolved issues against Jaycox because the arbitrator found that Jaycox's testimony was not credible. In addition, Ekeson argues that the only evidence presented by Jaycox at the evidentiary hearing to show that he was prejudiced was his counsel's "conclusory testimony that Mr. Jaycox was prejudiced." Ekeson concludes that because Jaycox has not demonstrated prejudice, we should affirm the trial court. We cannot agree.

Ekeson first argues that Jaycox was not prejudiced by inadequate notice because even had he received notice he would not have been able to attend the hearing. This argument, rather than show-

---

1. The statute continues "[a]ppearance at the hearing waives such notice." Section 44–7–5(A). Ekeson, however, has not argued that Jaycox waived notice when his counsel appeared at the third hearing; therefore, we do not address that issue.

**638**

ing that Jaycox was not prejudiced, bolsters Jaycox's contention that he presented sufficient cause for the arbitrator to grant a continuance. We review the denial of a continuance for an abuse of discretion. *See Albuquerque Nat'l Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 104, 654 P.2d 548, 557 (1982) (reviewing trial court's denial of continuance). An abuse of discretion will be found if the decision is contrary to logic and reason. *Kueffer v. Kueffer*, 110 N.M. 10, 13, 791 P.2d 461, 464 (1990). As Ekeson states, Jaycox was unable to attend the third hearing because a prior military commitment required him to be out of state on the date that that hearing was scheduled. Thus, Jaycox presented sufficient cause to support his motion for a continuance, and the arbitrator's decision was contrary to logic and reason.

■ Ekeson's second argument is that Jaycox failed to prove that his inability to attend the hearing resulted in any prejudice because he presented testimony at a prior hearing and because his counsel cross-examined Ekeson at the third hearing. This argument ignores the clear language of Section 44–7–5(B), which allows both parties to be heard, to present evidence, and to cross-examine adverse witnesses. The fact that Jaycox's counsel was able to cross-examine Ekeson at the third hearing and that Jaycox testified at the second hearing does not make up for his inability to present evidence and to be heard at the third hearing. In other words, the prejudice that Jaycox suffered was his inability to attend the hearing, to testify, and to offer evidence contrary to that offered by Ekeson.

■ Ekeson's final argument is based on the arbitrator's testimony at the evidentiary hearing that she (the arbitrator) determined at the second arbitration hearing that Jaycox's testimony was not credible.[2] Ekeson asserts that "[a]nything [Jaycox] might have said at the February 11th hearing to refute Ms. Ekeson's testimony would have been deemed [by the arbitrator] incredible as well." While the arbitrator's testimony at the evidentiary hearing below made it appear that the result of the arbitration had been determined prior to the third arbitration hearing, the fact that Ekeson introduced evidence and was cross-examined shows that the arbitrator intended to allow the introduction of evidence at that hearing. In addition, if Ekeson is correct in asserting that the arbitrator would not have believed any testimony that Jaycox could have presented at the third hearing, then we are concerned that the arbitrator was not an unbiased fact finder. The testimony of the arbitrator, set out in the margin, indicates that she may have prejudged the outcome of the arbitration before the third hearing.

■ The Arbitration Act provides for an award to be vacated when an arbitrator appointed as a neutral demonstrates "evident partiality." Section 44–7–12(A)(2). The arbitrator's predisposition to discredit testimony not yet given by Jaycox suggests that the arbitration award could be vacated due to the arbitrator's apparent lack of impartiality. Our holding, however, is limited to resolution of the issue raised by Jaycox—his claim that the result of the arbitration should be invalidated because of his lack of notice of the third hearing and the arbitrator's refusal to postpone the hearing after having been notified that Jaycox could not attend. Resolution of this issue is dispositive of this appeal, so we need not and do not address any other issue raised by the parties.

---

2. At the evidentiary hearing, the arbitrator testified on direct as follows:

Q: Do you feel that Mr. Jaycox's position was unfairly prejudiced by his inability to attend on February 11?
A: Well, it's hard for me to know. By that time, as I stated, both parties had acknowledged that there was an agreement, and we needed to figure out what the terms of the agreement were. To the extent that his testimony was going to be different from her testimony, because of the credibility issue that I had already resolved, her testimony was going to be found credible and his was not.
On cross-examination, the testimony continued:
Q: Is it your testimony that you had already made, essentially, your decision on the arbitration so that Mr. Jaycox's testimony, if he had been there on the 11th, was going to be totally discounted anyway?
A: To the extent that his testimony would contradict her testimony, his testimony would have been found incredible.

Because we find that Jaycox was prejudiced by the arbitrator's failure to give him proper notice of the third hearing, and that the failure to give notice was sufficient cause to require the arbitrator to postpone the hearing, we hold that the trial court erred when it failed to vacate the arbitration award pursuant to Section 44–7–12(A)(4). *See Coral Kingdom of Kaneohe, Ltd. v. Harter,* 65 Haw. 247, 649 P.2d 1159, 1161–62 (1982) (per curiam) (vacating arbitration award for arbitrators' refusal to postpone hearing after failure to give proper notice of hearing). We remand this case to the district court with instructions to vacate the arbitration award and to conduct proceedings consistent with the foregoing discussion.

The judgment of the trial court is reversed.

· **IT IS SO ORDERED.**

RANSOM, C.J., and MONTGOMERY, J., concur.