This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LINDA MARIE PARKER-SEDILLO,**

Petitioner-Appellee,

v.                                                                    **NO. 28,971**

**TEDDY R. SEDILLO,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Violet C. Otero, District Judge**

New Mexico Legal Aid
Marcia J. Lieberman
Albuquerque, NM

for Appellee

Teddy R. Sedillo
Las Cruces, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Husband appeals from the final decree of dissolution of marriage. [RP 93] The decree was entered upon Linda Marie Parker-Sedillo's (Wife's) verified petition and the testimony and numerous exhibits Wife presented with her counsel at the hearing, at which neither Husband nor his counsel at that time, Mr. Arrieta, appeared. [Id.] Husband raises the following eight (8) issues on appeal, contending that the district court erred as follows: (1) in not granting a continuance or holding a hearing prior to the scheduled trial date which conflicted with a criminal hearing; (2) in not granting a continuance in deference to a criminal jury trial setting conflicting with its own setting; (3) in not making a sufficient showing that the granting of the motion for continuance would have created a significant inconvenience to the court or either party; (4) in failing to consider the factors present and denying the motion to continue the trial and holding the hearing on the motion on the date of trial; (5) in awarding Wife interim relief including child support in the amount of $2,427.92, commencing September 1, 2007, without considering that Husband was unemployed and fired from his position because of a zero tolerance community policy regarding domestic violence; (6) in awarding Wife community assets including the marital home without equitable division; (7) by not equally dividing Wife and Husband's retirement benefits at the time of the

divorce and deviating from equal distribution; and (8) by entering findings that are not supported by substantial evidence.  [DS 7-9]

This Court's calendar notice proposed summary affirmance.  Husband has filed a memorandum in opposition that we have duly considered.  Unpersuaded, however, we affirm.

**DISCUSSION**

**Issues 1-4:  The District Court's Denial of the Motion for Continuance**

We review the denial of a continuance for an abuse of discretion.  *Jaycox v. Ekeson*, 115 N.M. 635, 638, 857 P.2d 35, 38 (1993) (citing *Albuquerque Nat'l Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 104, 654 P.2d 548, 557 (1982).  An abuse of discretion will be found if the decision is contrary to logic and reason. *Kueffer v. Kueffer*, 110 N.M. 10, 13, 791 P.2d 461, 464 (1990).  This Court finds it helpful to set forth the procedural history of this case in order to place the district court's denial of Husband's motion to continue the August 2008 trial date in context.    Wife filed the verified petition for dissolution of marriage on April 18, 2007.  [RP 1]  On June 18, 2007, the district court filed an order appointing a hearing officer and a notice of hearing for an interim order dividing income and expenses and an order for production.  [RP 13]   The hearing was set for July 3, 2007.  [RP 15]  On June 25, 2007, Husband filed a motion for continuance of the

3

interim hearing, Wife consented to the motion [RP 17], and the district court granted it. [RP 21] The hearing on interim relief was then set for September 11, 2007. [RP 23]

Wife filed an emergency motion for supervised visitation on July 13, 2007, asserting that Husband had violated the order of protection entered against him. [RP 28] Wife also filed a request for production of documents to Husband, requesting Husband's federal and state tax returns, W-2 forms, wage and payroll statements, and other insurance and employment documentation. [RP 30-31] A hearing on Wife's emergency motion was set for August 7, 2007. [RP 34] Thereafter, Wife changed counsel and moved to continue the hearing on the emergency motion pending a report from the children's therapist. [RP 41] Husband consented to the motion and the district court granted it, moving the hearing to September 12, 2007. [RP 43]

On September 11, 2007, pursuant to the scheduled hearing on Wife's motion for interim relief, the hearing officer filed a report. [RP 46] The report indicates that the hearing was held, Wife appeared, and submitted a proposed interim monthly income and expense statement. [Id.] However, neither Husband nor his counsel appeared at the hearing despite having received notice of it. [Id., ¶ 4] The hearing officer adopted Wife's proposed interim division upon Husband's

4

default [RP 47], concluding that "in order to equalize income [Husband] shall pay [Wife] $2,427.92 per month commencing September, 2007 until further order of the court." [Id.] The report attached Wife's detailed interim monthly income and expense statement. [RP 48] The hearing officer filed a notice of filing of the report, served it on counsel for both parties, and indicated that the parties had ten days to serve objections and a request and notice of hearing. [RP 44]

Wife filed a verified motion for an order to show cause on October 18, 2007. [RP 54] The motion indicates that Husband did not file objections to the hearing officer report on interim support and had not paid the interim support ordered to be paid. [RP 54] The district court filed an order to appear and show cause on October 23, 2007, setting a hearing for November 5, 2007. [RP 58] The record proper does not indicate the outcome of the show cause hearing.

Wife filed a request for pre-trial hearing on February 7, 2008, and the hearing was set for March 3, 2008. [RP 62, 64] At that time, Husband was appearing pro se, although no notice of withdrawal of his attorney had been filed. [RP 65, 67, 69] The district court filed the pretrial order on March 4, 2008, and trial was set for June 12, 2008. [RP 71] The district court judge stated in the pretrial order: "No [c]ontinuances will be granted absent extraordinary circumstances." [RP 71] The pretrial order was served on Husband's counsel.

5

[RP 72]  Husband's counsel served discovery on Wife and responded to Wife's discovery in March 2008.  [RP 73, 74]

On May 1, 2008, the district court filed an amended notice of trial moving the trial date from June 12 to June 26, 2008. [RP 75]  On May 23, 2008, Husband filed a motion to continue the trial stating that his counsel would be in a jury trial on June 26, 2008, Wife consented to the motion, and the district court granted the motion, stating that the district court would reset the hearing "upon request for hearing by the parties." [RP 77]  Wife filed a request for a trial date on June 19, 2008.  [RP 79]  On June 23, 2008, the district court set trial once again for August 20, 2008.  [RP 81]  On July 1, 2008, Husband filed a motion to continue, stating that counsel for Husband would be in a jury trial on that date in a case where the six-month rule would run on August 28, 2008, and stating that Wife opposes the motion.  [RP 83]  Wife filed her list of exhibits on August 8, 2008, and a schedule of community property and liabilities on August 11, 2008.  [RP 85, 87]  The record proper contains no ruling on the motion for continuance prior to trial.  Neither Husband nor his attorney appeared on August 20, 2008, at the trial.  [RP 93, 1st paragraph]  On September 2, 2008, Wife filed a request for a presentment hearing for the final decree of dissolution of marriage.  [RP 91]  The final decree was filed

6

on September 5, 2008. [RP 93] Husband filed a notice of appeal on October 2, 2008. [RP 102]

The procedural history of this case indicates that Husband and his attorney engaged in a pattern of delay and obstruction, including several motions for continuances, nonappearances, and defaults at the interim hearing and at the trial, as well as failure to comply with the order regarding interim support, which necessitated a motion for order to show cause, a show cause order, and hearing. When the pretrial order was filed, the district court judge specifically stated that exceptional circumstances would be required for the trial date to be continued. Thereafter, the district court itself reset the trial date, and granted Husband's unopposed motion to continue the reset trial date, after which a third trial date was set. When Husband's counsel again moved to continue the trial date, however, Wife did not consent, and the trial court did not rule on the motion prior to trial. Despite the fact that the August 20, 2008 trial date had not been continued or vacated, however, Husband and Husband's counsel did not appear to argue the motion or to proceed to trial.

When a motion for continuance has been made and not ruled on prior to trial, counsel and his client cannot simply fail to appear. *See, e.g., In re Neal*, 2003-NMSC-032, ¶¶ 19-21, 134 N.M. 594, 81 P.3d 47. In *In re Neal*, our Supreme

Court expressed its disapproval of this conduct. As in *In re Neal*, Husband and his attorney expected the Valencia district court to "revise its schedule to fit his convenience." *Id.* ¶ 20. "[I]f all lawyers behaved like [Husband and his attorney], the principles of judicial economies and administration of justice could be compromised." *Id.*

In the memorandum, Husband continues to claim that his attorney's criminal trial should have taken precedence over this trial, and that his attorney could show up at that trial and disregard this one. [MIO 3] Husband also argues that *In re Neal* is distinguishable from this case, because the attorney in that case failed to appear "without just cause." [Id.] Husband contends that this case is different, because his attorney tried to get a hearing on the motion to continue prior to the trial date, but did not succeed. [Id.] In this case, the motion hearing was set for the same date as the trial, and, therefore, according to Husband, when Husband and his attorney did not appear, they were inappropriately defaulted. [Id.] We are not persuaded.

The district court was unwilling to simply grant yet another continuance when the opposing party disagreed and Husband and his attorney had engaged in a pattern of delay and nonappearances. Thus, we conclude the district court did not abuse its discretion by refusing to grant a continuance prior to trial despite

Husband's attorney's efforts to persuade it to do otherwise. Having obtained no ruling on the motion to continue prior to trial, Husband and his attorney's failure to appear was unacceptable and reflected a disregard for "all participants in the legal process":

> It is incumbent on attorneys to resolve scheduling conflicts in advance in order to minimize disruption of the legal system. This is not to suggest that last-minute conflicts will not sometimes arise, or that last-minute reasons for needing a continuance will not occur. The need for such accommodation should be the exception, however, not a strategy employed by counsel. Failing to appear for trial because of a scheduling conflict not addressed in advance is sanctionable. Not only does such conduct interfere with the court's schedule, but also it is an unreasonable imposition on all participants in the legal process.

*Id.* "Counsel for litigants, no matter how 'important' their cases are, cannot themselves decide when they wish to appear." *Id.* ¶ 21 (internal quotation marks and citation omitted).

With regard to conflicts in court scheduling, our Supreme Court has stated long ago that counsel may occasionally need to arrange for another attorney to assist when court conflicts arise, rather than simply not to appear in one of the cases. *See, e.g., Territory v. Lobato*, 17 N.M. 666, 680-81, 134 P. 222, 226 (1913). If Husband's attorney considered his appearance in the criminal case was more important, given that the district court in this case had not granted a continuance prior to trial, it was incumbent that he obtain substitute counsel to appear at the

9

trial in this case. "The absence of counsel for the defendant in an adjoining county, attending court, is no ground for continuance. If it were, where terms of court conflict, continuances would be of frequent occurrence." *Id.* (internal quotation marks and citation omitted).

Under the circumstances of this case, we affirm the district court's decision not to grant yet another continuance and to proceed to consider the documents submitted and the testimony presented without the presence of Husband and his attorney.

**Issues 5-8: The Dissolution Decree**

"The trial court is to divide community property equally" and gives the court broad discretion in doing so. *Trego v. Scott*, 1998-NMCA-080, ¶ 22, 125 N.M. 323, 961 P.2d 168. "The division of property, however, need not be computed with mathematical exactness." *Irwin v. Irwin*, 121 N.M. 266, 269, 910 P.2d 342, 345 (Ct. App. 1995); *see also Ruggles v. Ruggles*, 114 N.M. 63, 67, 834 P.2d 940, 944 (leaving method of distribution and implementation of payment of retirement benefits at dissolution of marriage within the sound discretion of the district court), *rev'd on other grounds*, 116 N.M. 52, 860 P.2d 182 (1993).

In the memorandum, Husband discusses case law that allows a judgment to be set aside, reopened, or voided under circumstances enumerated in Rule 1-

060(B) NMRA.  [MIO 4-7]   Husband has never moved for Rule 1-060(B) relief in the district court, and, on appeal to this Court, other than discussing the principles of the law in this area, Husband presents no facts or evidence whatsoever to suggest that any of the provisions of Rule 1-060(B) apply to this case.  [Id.]  *See, e.g., Sunwest Bank v.  Roderiguez*, 108 N.M. 211, 213, 770 P.2d 533, 535 (1989) (stating that, a party seeking relief from a default judgment must show the existence of grounds for relief under Rule 1-060(B), and a meritorious defense); *see also Magnolia Mountain Ltd., P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 44, 139 N.M. 288, 131 P.3d 675 ("Of course, such a defendant would still be required to show grounds to set aside the judgment under Rule 1-060(B).").

Moreover, as we discussed in the calendar notice, on the merits, we have not been presented with grounds for setting aside or voiding the dissolution decree.  At the trial, Wife presented extensive exhibits with regard to both parties' financial situations including a detailed schedule of the parties' community assets and liabilities.  [RP 85, 87]  The final decree indicates that the district court equally, fairly, and equitably, if not mathematically, divided the parties' responsibilities for the children and their community assets and liabilities.

Husband first argues that the district court erred in setting the interim support amount. We note, however, that as discussed above , despite receiving notice of the hearing on interim support, despite receiving notice that the report was filed, and despite receiving notice that Husband had ten days to object to it, Husband and his attorney did not appear at the hearing, Husband failed to file any objections to the order, and then he refused to comply with it. Under the circumstances, we consider that Husband waived and abandoned any objection he may have had to the interim support amount.

Husband next objects to the Wife being awarded the family residence. We affirm the district court's decision. The parties have minor children with interests in consistency and stability. [RP 93-94] The parties received joint custody of the children with Wife having primary physical custody. [RP 94] Husband has greater relative earning power, particularly in light of Wife's disabling illness. [RP 95, ¶¶ 16-18] Under the circumstances, we cannot say that the district court abused its discretion in awarding the marital residence to Wife.

Husband also argues that the district court did not equally divide the parties' retirement accounts. The district court immediately awarded Wife her community interest in Husband's retirement accounts, up to the last full month (March 2007) prior to Wife's filing of the petition for divorce (April 2007), with all remaining

and future amounts awarded to Husband. [RP 97] We note any inequality claimed is diffused by the fact that Wife undertook to fully pay, among other liabilities, the approximately $10,000 cost for one of the children's orthodontia and reconstructive work. [RP 95-96, ¶¶ 19-20] Under the circumstances, Husband has not persuaded us that the district court did not comport with applicable case law regarding equitable division of the parties' retirement accounts and the other community assets and liabilities. *See, e.g., Ruggles v. Ruggles*, 116 N.M. 52, 860 P.2d 182 (1993). Because we cannot say the district court abused its discretion, we affirm the district court on this issue.

Finally, Husband argues that the final decree is not supported by substantial evidence presented at trial. As we have discussed, however, Husband and his attorney did not appear at trial in a situation where the district court had not granted a continuance. The decree was entered upon the extensive exhibits presented by Wife, which included both parties' financial documentation and a detailed schedule of the parties' community assets and liabilities. Husband and his attorney were not at trial to present countervailing evidence. After the trial, they did not move in district court to set aside the decree pursuant the rules of civil procedure applicable to default or available to address mistakes, fraud and other extraordinary situations. Finally, Husband does not present any evidence

13

whatsoever in his memorandum to indicate that there are any facts that would justify any such remedy. We remain persuaded that the final decree indicates that the district court equally, fairly, and equitably, if not mathematically, divided the parties' responsibilities for the children and their community assets and liabilities.

**CONCLUSION**

We affirm the final decree of dissolution.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**

14