This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GERALD A. SEXSON,**

    Plaintiff-Appellee,

**v.**                                                                                       **No. 32,865**

**THOMAS JAMES EDWARDS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri Raphaelson, District Judge**

The New Mexico Law Group, P.C.
Robert N. Singer
Albuquerque, NM

for Appellee

Dolan & Associates, P.C.
Daniel R. Dolan II
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}    Appellant Thomas James Edwards (Defendant) appeals from the district court's judgment that enforces the parties' settlement agreement stemming from an easement dispute. [RP 184] Our notice proposed to affirm. Appellee Gerald Sexson (Plaintiff) filed a response in support of affirmance, and Defendant filed a timely response in opposition pursuant to a granted extension. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}    In issue (1), Defendant continues to argue that he was not given proper notice when the district court "converted the hearing on Plaintiff's motion for a temporary restraining order to a hearing on Plaintiff's motion to enforce settlement agreement." [DS 5; MIO 1] In our notice, we expressed concern whether this argument had been raised below, in light of disparities between the information provided in Defendant's docketing statement [DS 2] and our review of the pleadings below. [RP Vol.1/83, 88-89] To ensure the argument was preserved below, we instructed Defendant – in the event he filed a memorandum in opposition – to provide this Court with the specific objection he made at the hearing, Plaintiff's response, and any stated ruling by the district court on his objection, if provided. [cn 3] We also required that "Defendant . . . provide a certified transcript of the hearing or other independent verification of the exchange." [cn 3] Defendant has complied with neither of our requests, and thus offers us no assurance that this argument was preserved below. Accordingly, affirmance is

warranted for lack of preservation alone. *See* Rule 12-216(A) NMRA (requiring arguments to be preserved for appeal).

{3} Apart from Defendant's failure to comply with our preservation requirements, affirmance on the merits is also appropriate. As support for his continued argument, Defendant emphasizes that the district court violated LR1-401 when it failed to give counsel four weeks' notice of the hearing. [MIO 3] While LR 1-401(A) generally contemplates four weeks' notice of hearings, Defendant fails to acknowledge that it additionally provides that "in the discretion of the judge" less notice may be given. Relevant to this discretion, and as detailed in our notice, prior to the hearing other events transpired which served to alert Defendant that matters other than Plaintiff's motion for temporary restraining order would be addressed at the hearing – namely, the parties entering into an oral settlement agreement and Plaintiff's efforts to enforce the settlement agreement by his motion to enforce the settlement agreement [RP Vol.1/40], as well as by Plaintiff's request for a hearing on the motion to enforce which specifically referenced the scheduled August 13, 2012, hearing. [RP Vol.1/54] Given these events, Defendant's attorney should have anticipated that the scheduled August 13 hearing would address these matters, which effectively eclipsed Plaintiff's motion for temporary restraining order. Moreover, as we noted in our calendar notice, after the hearing Defendant filed numerous pleadings in which he presented his

position. [RP Vol.1/63, 69, 128, 130, 138] His arguments were fully considered, although ultimately rejected, by the district court in its April 30, 2013, final judgment. [RP Vol.1/184] *See generally Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 (recognizing an assertion of prejudice is not a showing of prejudice). We thus affirm issue (1).

{4}	In issue (2), Defendant continues to argue that the district court judge erred when she "failed to acknowledge" Defendant's motion for a continuance and held the scheduled hearing on the parties' outstanding motions. [RP Vol.1/175, 180, 182, 184; DS 5; MIO 3] While Defendant generally asserts that the district court "made a decision without knowing all facts" [MIO 4], we conclude that the district court acted within its discretion in light of the dearth of "facts" presented in the motion for continuance and Defendant's failure to timely request a continuance. For the reasons fully detailed in our calendar notice, we affirm the district court's decision to deny the continuance. *See Jaycox v. Ekeson*, 1993-NMSC-036, ¶ 10, 115 N.M. 635, 857 P.2d 35.

{5}	Lastly, in issue (3), Defendant maintains that the district court erred in approving the written settlement agreement and in ruling that it was an accurate reflection of the parties' oral agreement. [DS 5; MIO 4; RP Vol.1/184, 188] We

4

review the district court's ruling pursuant to an abuse of discretion standard. *See In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 22, 134 N.M. 516, 80 P.3d 98.

{6} In ruling against Defendant below, the district court noted that Defendant did not voice any specific challenge to the referenced terms, but instead raised "collateral and unfounded procedural objections [.]" [RP Vol.1/186] Consistent with this, in his docketing statement Defendant generally argued that the written settlement agreement "failed to accurately reflect" the parties' oral agreement and "added terms that were not negotiated between the parties," but failed to indicate how it was different in any material way or otherwise specify any asserted false information. [DS 1] *See generally In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Now for the first time in his memorandum in opposition, Defendant details a number of ways he believes the written settlement agreement differs from the parties' oral agreement. [MIO 4-5] Defendant omits to state, however, whether these specific arguments were made below. Given his failure to ensure preservation as discussed in issue (1) and the lack of any preservation apparent from our review of the record proper, we question whether these specific arguments were presented to the district court.

{7} Nonetheless, even assuming Defendant made the same arguments below as he now makes on appeal, we conclude that the district court did not abuse its discretion

in approving the written settlement agreement and in ruling that it was an accurate reflection of the parties' oral agreement. [RP Vol.1/184, 188*] See In re Norwest Bank of N.M., N.A.*, 2003-NMCA-128, ¶ 22 (reviewing for abuse of discretion). To this end, the record reveals that in approving the settlement agreement, the district court reviewed the transcript of the oral settlement terms and compared them with the draft settlement agreement, and determined that the parties had unequivocally reached an agreement on all material terms, as detailed by the district court in its recitation of the terms in the final judgment. [RP Vol.1/185-86] To the extent Defendant refers to asserted discrepancies between the parties' oral agreement and the written agreement [MIO 4-5], they are not significant because the essential terms of the written agreement flow from the oral agreement. *See Sitterly v. Matthews*, 2000-NMCA-037, ¶ 15, 129 N.M. 134, 2 P.3d 871 (recognizing that a settlement agreement is interpreted in the same way as any other contract). Moreover, and significantly, after the district court approved the settlement agreement, Defendant himself signed the written settlement agreement [RP Vol.1/57] without objection. [RP Vol.1/86] *See Builders Contract Interiors, Inc. v. Hi-Lo Indus., Inc.*, 2006-NMCA-053, ¶ 7, 139 N.M. 508, 134 P.3d 795 (recognizing and enforcing the strong public policy of favoring settlement agreements, such that there must be a compelling basis to set aside a settlement agreement); *see also Smith v. Price's Creameries*, 1982-NMSC-102, ¶ 13,

98 N.M. 541, 650 P.2d 825 (providing that "[e]ach party to a contract has a duty to read and familiarize himself with its contents before he signs and delivers it, and if the contract is plain and unequivocal in its terms, each is ordinarily bound thereby"). In sum, finding no basis to disagree with the district court's conclusion that the terms of the oral agreement are accurately reflected in the written agreement signed by Defendant, we uphold the district court.

{8}     To conclude, for the reasons provided above and in our notice, we affirm.

{9}     **IT IS SO ORDERED.**


_____
                              **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**TIMOTHY L. GARCIA, Judge**