◼ In the Matter of GENERAL MOTORS CORPORATION, Appellant, v GERMAN RENJIFO, Respondent. [638 NYS2d 712] —In a proceeding pursuant to CPLR 7503 for a permanent stay of arbitration of a claim pursuant to General Business Law § 198-a (k), the petitioner appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated August 29, 1994, which denied the petition.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner contends that the respondent failed to submit his claim under General Business Law § 198-a (j), the so-called New Car Lemon Law, to compulsory arbitration within the applicable limitations period and that the Supreme Court thus erred in refusing to stay arbitration. We disagree. The New Car Lemon Law requires an aggrieved consumer to bring "[a]ny action" against an automobile manufacturer "within four years of the date of original delivery of the motor vehicle", and it is well settled that "the Statute of Limitations to be applied by the courts in arbitration is the same as that in judicial proceedings" *(Sears, Roebuck & Co. v Enco Assocs.,* 43 NY2d 389, 394; *see,* CPLR 7502 [b]). At bar, the respondent filed a "Request for Arbitration" with the New York State Attorney-General in accordance with 13 NYCRR 300.4 (a), and the Attorney-General's office reviewed and accepted the arbitration request prior to the expiration of the four-year period of limitation. Accordingly, the arbitration proceeding was timely commenced.

Contrary to the petitioner's contention, the fact that the respondent did not pay the prescribed filing fee until shortly after the expiration of the period of limitation does not render his arbitration demand time barred. The regulations promulgated by the Attorney-General pursuant to the authority vested in him by General Business Law § 198-a (k) do not require an aggrieved consumer to pay the prescribed filing fee until after the Attorney-General's office has reviewed the consumer's arbitration demand for completeness and eligibility, and referred the matter to the American Arbitration Association *(see,* 13 NYCRR 300.4). The Lemon Law was designed to provide consumers with greater protection than that afforded by automobile manufacturers' express warranties *(see, Motor Vehicle Mfrs. Assn. v Abrams,* 899 F2d 1315, 1317, *cert denied* 499 US 912; *Motor Vehicle Mfrs. Assn. v State of New York,* 75 NY2d 175; *Matter of Hynson [American Motors Sales Corp.],* 164 AD2d 41). In addition, the courts have historically taken a relaxed attitude toward the application of Statutes of Limitation to arbitration proceedings *(see, Matter of Andy Floors [Tyler Constr. Corp.],* 202 AD2d 938). Accordingly, the fact that the period of limitation had expired by the time that the American Arbitration Association requested payment of the filing fee should not defeat the respondent's right to submit his claim to arbitration, which claim was timely when filed with the Attorney-General. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.