■ In the Matter of the Arbitration between ANDY FLOORS, INC., Appellant, and TYLER CONSTRUCTION CORPORATION, Respondent. [609 NYS2d 692] —Mercure, J. Appeal from an order of the Supreme Court (Conway, J.), entered July 30, 1993 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent, the general contractor on a construction project at the Albany County Jail, subcontracted with petitioner for the furnishing and installation of flooring. The parties incorporated into their subcontract the arbitration provisions of the general contract between respondent and the owner, which provided in pertinent part that: "Notice of the demand for arbitration shall be filed in writing with the other parties to the dispute who have agreed to arbitrate, and with the American Arbitration Association. The demand for arbitration shall be made within a reasonable time after the claim, dispute or other matter in question has arisen, and in no event shall it be made more than six months after the claim has arisen." A dispute arose between the parties on December 17, 1992, and on June 17, 1993 respondent served a demand for arbitration upon petitioner by certified mail, return receipt requested. The demand was received by petitioner on June 19, 1993. Petitioner thereafter made the present application to stay arbitration upon the ground, *inter alia*, that respondent's demand for arbitration, received by petitioner following the expiration of the requisite six-month period, was untimely. Supreme Court denied the application upon the ground that the demand for arbitration was timely served in accordance with CPLR 7503 (c). Petitioner appeals.

We reject petitioner's contention that the provision of the contract that the demand be "filed" required actual receipt within the six-month period and accordingly affirm. It is a fundamental tenet of contract law that, "unless a contract

provides otherwise, the law in force at the time the agreement is entered into becomes as much a part of the agreement as though it were expressed or referred to therein, for it is presumed that the parties had such law in contemplation when the contract was made and the contract will be construed in the light of such law" *(Dolman v United States Trust Co.,* 2 NY2d 110, 116; *see, Strauss v Union Cent. Life Ins. Co.,* 170 NY 349, 356; 22 NY Jur 2d, Contracts, § 202). At all times relevant to this proceeding, including the date of formation of the contract being construed, CPLR 7503 (c) expressly prescribed the method of service of a demand for arbitration, i.e., "in the same manner as a summons or by registered or certified mail, return receipt requested". Further, when mail is used as the means of service, the claim is deemed interposed when the mail is posted *(see,* CPLR 7503 [c]; *Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 65-66; Siegel, NY Prac § 590 [2d ed]). It thus follows that, if CPLR 7503 applies in this case, respondent's demand for arbitration was timely served and Supreme Court correctly denied petitioner's application to stay arbitration.

It is well established that the parties to an arbitration agreement may prescribe a method of service different than that set forth in CPLR 7503. Nonetheless, such a provision, particularly one having the potential for effecting a forfeiture of a party's right to arbitration, must be clear and definite in its terms and leave no doubt as to the parties' intent *(see, Strauss v Union Cent. Life Ins. Co., supra,* at 356-357). We conclude that the choice of the word "filed" in the arbitration provisions of the general contract evidences no unambiguous intent to impose a method of service more restrictive than that already provided for by the CPLR, particularly in view of the relaxed attitude the courts have historically taken toward application of Statutes of Limitation to arbitration proceedings *(see, e.g., Matter of Paver & Wildfoerster [Catholic High School Assn.—Warwick Constr.],* 38 NY2d 669). Moreover, it is established law that a question of timeliness arising from the parties' contract, rather than in consequence of statutory provision, is an issue for resolution by the arbitrator and not a CPLR 7503 threshold question for determination by the courts *(see, Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 11-12; *Matter of City School Dist. [Poughkeepsie Pub. School Teachers Assn.],* 35 NY2d 599, 607). As a final matter, it is our view that decisions construing legislative and regulatory enactments providing for the filing of papers in public offices have no logical application to a question of contract interpretation.

Cardona, P. J., Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.