*569
 
 OPINION OF THE COURT
 

 Levine, J.
 

 At issue in this appeal is the validity of an arbitration award granted against appellant upon default. Petitioners were investment clients of Greentree Securities, Inc., a New York City brokerage firm which was a member of the National Association of Securities Dealers, Inc. (NASD). Appellant was employed by Greentree between 1985 and 1988 as an NASD registered representative, authorized to act as a broker and investment advisor for Greentree clients and was the broker responsible for petitioners’ account beginning in 1986.
 

 In the spring of 1988, a dispute arose between petitioners and Greentree regarding the latter’s responsibility for severe investment losses in three over the counter securities for which Greentree was a market maker. Petitioners claimed that those losses resulted from material misrepresentations and nondisclosures on the part of Greentree and appellant. Petitioners made a formal complaint to NASD’s District Business Conduct Committee. While the investigation of that complaint was still pending, petitioners on September 26, 1988 filed with the NASD arbitration director in New York City a demand for arbitration of that dispute pursuant to NASD’s Code of Arbitration Procedure.
 

 Appellant terminated his employment with Greentree in late November 1988 and took a position with another securities firm. A "U-4” notice of the change in employment was filed December 1, 1988 with NASD’s registration office in Washington, D.C. On December 9, 1988 NASD’s director of arbitration sent notice of petitioners’ demand for arbitration and statement of their claim by certified mail to Greentree and appellant care of Greentree at the firm’s New York City address. The notice required filing with the arbitration office of an executed submission agreement and a statement of answer to petitioners’ claim within 20 business days, as provided in the NASD Code of Arbitration Procedure, a copy of which was enclosed with the notice. The mailed notice and enclosures were not returned to NASD. When the time for response expired, NASD’s director of arbitration sent a notice on January 24, 1989, also by certified mail, to Greentree and to appellant care of Greentree, informing them of their default and that the arbitration would proceed to a hearing and possible award in their absence. This notice was returned to NASD with a notation that delivery was refused.
 

 
 *570
 
 The arbitration was conducted by default in California, petitioners’ State of residence, and resulted in an award of some $167,000 in compensatory damages and $75,000 in punitive damages. Petitioners then brought this proceeding to confirm the award and obtain judgment upon it
 
 (see,
 
 CPLR 7510, 7514). Appellant cross-moved to vacate the award and dismiss the petition on the grounds
 
 inter alla
 
 that he never received actual notice of the pendency of the arbitration and that NASD’s procedures for service of notice of arbitration as applied in this case denied appellant procedural due process.
 

 Supreme Court granted the petition, concluding that NASD’s service of notice to appellant by mailing it to Greentree was in conformity with NASD’s Code of Arbitration Procedure, that NASD did not have actual notice of appellant’s change of employment and that appellant’s lack of notice of the arbitration was attributable to Greentree’s failure to comply with its own obligation under the Code to convey notice to appellant or notify NASD that it was not representing appellant and furnish appellant’s address. The Appellate Division affirmed (212 AD2d 461), agreeing with Supreme Court that the service here complied with NASD’s Code of Arbitration Procedure and that the failure to give appellant actual notice was "solely attributable” to Greentree’s breach of its obligations under the Code
 
 (id.,
 
 at 461-462).
 

 Appellant has appealed as of right based on his claim that NASD’s notice of arbitration procedures in this case denied him due process of law. We conclude that there was no due process violation in this case and now affirm.
 

 We reject appellant’s contention that the notification method employed here and the proceeding upon default against him deprived him of his due process right to notice and opportunity to defend. Due process does not require actual receipt of notice before a person’s liberty or property interests may be adjudicated; it is sufficient that the means selected for providing notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections”
 
 (Mullane v Central Hanover Bank & Trust Co.,
 
 339 US 306, 314). "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it”
 
 (id.,
 
 at 315). The notice procedure chosen need not eliminate all risk that notice might not actually reach the affected party
 
 (id.,
 
 at 319). Unquestionably, mailed notice may suffice
 
 (see, Tulsa Collection Servs. v Pope,
 
 485 US 478, 490;
 
 Mennonite Bd. of Missions v Adams,
 
 462 US 791, 799).
 

 
 *571
 
 We conclude that the December 9, 1988 mailed service upon Greentree of petitioners’ arbitration claim was a means reasonably calculated to provide notice to appellant. Section 25 (c) (2) of the NASD Code of Arbitration Procedure provides that "[i]f a member firm and a person associated with the member firm are named parties to an arbitration proceeding
 
 at the time of the filing of the Statement of
 
 Claim", service on the "associated person” may be effected by service upon the member firm, "which shall perfect service upon the associated person” (NASD Code of Arbitration Procedure § 25 [c] [2] [emphasis supplied]). The parties agree that appellant was a "person associated” with Greentree when petitioners’ claim and demand for arbitration was filed with NASD. Appellant conceded before Supreme Court that service upon Greentree in this case was in compliance with the notice requirements of the NASD Code of Arbitration Procedure and the courts below so held.
 

 As a condition of his registration as a dealer’s representative with NASD, appellant expressly agreed to comply with and be subject to all rules of NASD. Appellant does not dispute that those rules included NASD’s Code of Arbitration Procedure, governing the important subject of resolution of disputes between customers and member securities dealers. Accordingly, appellant had consented to Greentree’s agency for service of notice of any arbitration claim asserted against him which was filed with NASD before his association with Greentree ended. Greentree, in turn, was obligated under the Code to "perfect service” on appellant and, if it chose not to represent him, "advise all parties and the Director of Arbitration of that fact, and * * * provide such associated person’s current address” (NASD Code of Arbitration Procedure § 25 [c] [2]). Greentree apparently accepted delivery of the December 9, 1988 notice of arbitration claim and did not advise NASD’s director of arbitration that it chose not to represent appellant.
 

 There is no constitutional or other legal impediment to enforcement of appellant’s consent to Greentree’s agency for accepting service of notice of arbitration
 
 (see, Gilbert v Burnstine,
 
 255 NY 348, 355-357;
 
 Matter of Samincorp S. Am. Mins. & Mdse. Corp. [Tikvah Min. Co.],
 
 43 Misc 2d 27, 29;
 
 see also, Pohlers v Exeter Mfg. Co.,
 
 293 NY 274, 279;
 
 Kenny Constr. Co. v Allen,
 
 248 F2d 656 [upholding contractual designation of agent for service of process]; Restatement [Second] of Agency, ch 8, Introductory Note, at 581 ["As in the case of contracts and conveyances, one with apparent authority to give or
 
 *572
 
 receive a notification can bind the principal, and it is unimportant, unless known to the other party, that the agent does not intend to act for the principal’s business”]).
 

 NASD was, thus, entitled to assume that Greentree would fulfill its legal obligation as an NASD member securities dealer to perfect service upon appellant or notify NASD if it declined to represent appellant and supply NASD with appellant’s address. Even if NASD’s arbitration department could be charged with notice of appellant’s change of employment through the December 1 filing of the U-4 form, once delivery of the December 9 notice was apparently accepted and not returned, NASD at that point had no reason to doubt Greentree’s compliance with its duties under NASD’s rules. Moreover, NASD could reasonably assume that Greentree and appellant continued to be united in interest in defending against petitioners’ claim, the same position they had presented in responding to petitioners’ complaint to NASD’s District Business Conduct Committee.
 

 Nor is the foregoing conclusion undermined by Green-tree’s subsequent refusal to accept delivery on behalf of itself and appellant of NASD’s January 24, 1989 notice of their default in responding to petitioners’ claim. Due process mandates only
 
 one
 
 notice of a pending adjudicatory proceeding and the opportunity to be heard in opposition. Once NASD satisfied its initial burden of employing a method of giving notice reasonably likely to afford actual timely notice to appellant, as it did here by the December 9 mailing of the arbitration claim, when appellant failed to respond due process did not require NASD to ensure that any subsequent notice was likely to reach him (see,
 
 Mullane v Central Hanover Bank & Trust Co.,
 
 339 US, at 317-318,
 
 supra; Sari v U.S. Drug Enforcement Admin.,
 
 987 F2d 10, 14
 
 [Mullane
 
 "has not generally been interpreted to require a party to make additional attempts beyond notice that is legally satisfactory at the time it is sent”],
 
 cert denied
 
 510 US 888;
 
 Weigner v City of New York,
 
 852 F2d 646, 652 ["Once the City sent (valid) notice, it was not required to send additional notices (at) each step in the foreclosure proceeding”],
 
 cert denied
 
 488 US 1005).
 

 This case is readily distinguishable from
 
 Matter of Republique Francaise (Cellosilk Mfg. Co.)
 
 (309 NY 269,
 
 rearg denied
 
 309 NY 803) and
 
 Matter of PPX Enters. (Ducale Edizione Musicali)
 
 (53 AD2d 555,
 
 affd
 
 42 NY2d 897), the cases principally relied upon by appellant. In each of those cases, the serving party clearly should have known that the means chosen for
 
 *573
 
 providing notice was not reasonably calculated to give actual notice and an opportunity to be heard in opposition. In
 
 Cello-silk,
 
 the only notice of demand for arbitration, served by mail upon the respondent corporation, was returned unopened with the notation "out of business” (309 NY, at 278,
 
 supra).
 
 In
 
 PPX Enters.,
 
 the Court concluded that "[a] notice mailed to a provisional town in Italy four days in advance of a hearing plainly fails to meet [the] standard [of being reasonably calculated to give actual notice and an opportunity to be heard]” (53 AD2d, at 557,
 
 supra).
 
 Contrastingly here, the notice of arbitration claim was timely, was mailed to an agent who was obligated to convey it to appellant and was not returned. Indeed, in
 
 Cello-silk,
 
 the Court remarked that the case might have been resolved differently had the notice not been returned unopened and marked "out of business” (309 NY, at 278-279,
 
 supra).
 

 For all of the foregoing reasons, we conclude the requirements of due process were satisfied in this case. We have considered appellant’s additional arguments in support of reversal and find them also to be without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Order affirmed, with costs.