■ In the Matter of LEONARD FARBER, Respondent, v LEWIS C. HIMMELL et al., Appellants. [814 NYS2d 207]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the appeal is from (1) an order of the Supreme Court, Nassau County (Lally, J.), dated July 31, 2002, which directed a hearing to determine whether the petitioner received notice of the arbitration proceeding, and (2) an order of the same court dated January 2, 2003, which denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, a motion for leave to reargue the prior determination.

Ordered that the appeal from the order dated January 2, 2003 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (see *Misek-Falkoff v Village of Pleasantville,* 207 AD2d 332 [1994]); and it is further;

Ordered that on the Court's own motion, the notice of appeal from the order dated July 31, 2002 is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further;

Ordered that the order dated July 31, 2001 is modified, on the law and the facts, by deleting the provision thereof directing a hearing to determine whether the petitioner received notice of the arbitration proceeding and substituting therefor a provision directing a hearing to determine whether the petitioner was served with notice of the arbitration proceeding in accordance with the NASD Code of Arbitration Procedure; as so modified, the order dated July 31, 2001, is affirmed, without costs or disbursements.

The petitioner, Leonard Farber, brought this proceeding to vacate an arbitration award rendered against him, upon his default, in favor of Lewis C. Himmell and Rhonda Himmell, as cotrustees of the Himmell Living Trust (hereinafter the Himmells). The arbitration award was also rendered against Investors Associates, Inc. (hereinafter Investors), a brokerage firm at which the Himmells had an account, and where Farber was employed as a broker.

In his petition to vacate the arbitration award, Farber contended that he never received notice of the arbitration. In opposition to the petition, the Himmells, relying upon *Matter of Beckman v Greentree Sec.* (87 NY2d 566 [1996]), argued that Farber was properly served by the NASD's mailing of the statement of claim to Minneapolis Company, Inc. (hereinafter Minneapolis), his employer at the time the arbitration was commenced, and that such notice was sufficient, regardless of whether Farber actually received it. Apparently the NASD had also sent notifications concerning the arbitration to another address for Farber, which Farber claims was not his, and which does not match the residential address listed on his NASD records.

We reject the Himmells' contention that this case is indistinguishable from *Matter of Beckman v Greentree Sec.* (*supra*). In that case, the NASD served the broker pursuant to a rule of the NASD Code of Arbitration Procedure which stated that " '[i]f a member firm and a person associated with the member firm are named parties to an arbitration proceeding at the time of the filing of the Statement of Claim', service [up]on [the person associated with the member firm] may be [made on the associated person or] effected. . . upon the member firm, 'which shall perfect service upon the associated person' " (*id.* at 571, quoting NASD Code of Arbitration Procedure § 25 [c] [2]). Since, in *Matter of Beckman v Greentree Sec.* (*supra*), the broker and the firm served on his behalf were both named parties to the arbitration proceeding, service on the broker in that case by service upon the firm complied with NASD rules. Here, however, it is undisputed that Minneapolis, upon whom the service of the statement of claim against Farber was made, was not a party to the arbitration proceeding. Rather, Farber's former employer, Investors, was a party to the arbitration. As such, service of the statement of claim upon Farber by mailing to Minneapolis did not comply with NASD Code of Arbitration Procedure § 25 (c) (2).

In addition, we reject the Himmells' contention that Farber consented to service by mail at his most recent business address by signing the NASD U-4 form. This form, which he was required to sign to be licensed, by its own terms limited the consent to service to investigations or proceedings commenced by the "SEC," "CFTC," "SCTC," an "SRO" or "a jurisdiction." Here, Farber was being served with notice of an arbitration proceeding against him by clients whose accounts he allegedly serviced.

Since the Supreme Court did not consider whether other ser-

vice provisions of NASD Code of Arbitration Procedure applied, we modify the order on appeal by directing a hearing on that issue. In the event that, after a hearing, it is determined that Farber was not served with notice of the arbitration in accordance with the NASD Code of Arbitration, then the arbitration award must be vacated and a new arbitration must be ordered (*see Matter of Nixon Taxi Corp. [State Farm Gen. Ins. Co.]*, 128 AD2d 616 [1987]). Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.