STUART, Justice.
Orix Financial Services, Inc., appeals the order of the Lee Circuit Court holding the default judgment Orix obtained against Opelika resident John Allen Murphy in a New York court void. We reverse and remand.
I.
On February 7, 1998, Murphy executed a promissory note pursuant to which he agreed to pay Orix $67,048.[1] That promissory note contained the following clause:
“As part of the consideration for making the advance represented by this promissory note, [Orix], maker(s), and any endorser(s) hereby designate and appoint Edwin M. Baum, Esq., and C-A Credit Corp., both of New York, or either of them, as their true and lawful attorney-in-fact and agent for them and in their name, place and stead to accept service of any process within the State of New York, the party causing such process to be served agreeing to notify the other party(ies) at their address indicated above, or at their last known address, certified mail, within three days of such service having been effected. [Orix], maker(s) and any endorser(s) hereby agree to the EXCLUSIVE VENUE AND JURISDICTION OF ANY STATE OR FEDERAL COURT IN THE STATE AND COUNTY OF NEW YORK for all actions, proceedings, claims, counterclaims or cross-claims arising directly or indirectly in *1243 connection with, out of, or in any way related to this promissory note, whether based in contract or in tort or at law or in equity, with the sole exceptions that an action to obtain possession of all or part of the collateral or any other assets of the maker(s) or endorser(s) however denominated and equitable proceedings to enforce the terms of this promissory note, may, in the sole discretion of [Orix], be brought in a state or federal court having jurisdiction over the collateral, and/or any other assets of the maker(s) or endorser(s) may be located.”
(Capitalization in original.)
Murphy thereafter defaulted on the promissory note when he failed to make the scheduled payments. On December 19, 2006, Orix sued Murphy in the Supreme Court of the State of New York, New York County. On January 23, 2007, pursuant to the relevant clause in the promissory note, Orix served the summons and complaint upon Murphy’s designated agent, C-A Credit Corp., and also mailed copies to Murphy’s address in Opelika, which was the address shown on the promissory note. C-A Credit maintains that it also forwarded the summons and complaint it received to Murphy the same day it received them. Murphy denies receiving any of these mailings.
On May 7, 2007, after failing to receive a response from Murphy, the New York court entered a default judgment against Murphy for $31,857. On August 15, 2007, Orix filed a copy of the default judgment with the Lee Circuit Court pursuant to the Alabama Uniform Enforcement of Foreign Judgments Act, § 6-9-230 et seq., Ala. Code 1975. On August 17, 2007, Murphy filed a motion to stay the domestication of that judgment, arguing that he had not been properly served with the complaint and that he had had no knowledge of the New York action or opportunity to defend himself. After a hearing and further briefing, the trial court, on January 29, 2008, entered an order making the following findings:
“1. The note provided by [Orix] for [Murphy] to sign already contained the name of the designated agent for [Orix] to serve in the event of default and was not a matter negotiated by [Murphy].
“2. Under the New York law, i.e., N.Y. C.P.L.R. §§ 308 and 318 (2007), the effectiveness of the designated agent expires three (3) years after the date of the signing of the note, and therefore the time for the effectiveness of the designation of the agent expired prior to the filing of the lawsuit.
“3. [Murphy] did not receive any actual notice that the suit was being filed in New York.
“4. The ‘forum selection clause’ was not negotiated by [Murphy].
“5. The distance between the states of New York and Alabama was too great to be convenient for [Murphy] to defend the matter and was not fair to [Murphy],
“6. [Murphy] had insufficient contacts with the State of New York.
“7. Enforcement of the New York default judgment in the courts of Alabama through the domestication process under all of the circumstances would be unfair to [Murphy] and create an injustice.”
The trial court concluded by declaring the default judgment entered by the New York court void for lack of personal service. After the trial court denied Orix’s subsequent motion to alter, amend, or vacate its judgment, Orix filed its notice of appeal to this Court.
II.
Murphy’s motion to stay the domestication of the default judgment en *1244 tered against him by the New York court was the equivalent of a postjudgment motion made pursuant to Rule 60(b)(4), Ala. R. Civ. P., challenging a judgment as void. See Ex parte Trinity Auto. Servs., Ltd,., 974 So.2d 1005, 1009 (Ala.Civ.App.2006) (“Both our Supreme Court and this court have held that the appropriate procedural mechanism by which to collaterally attack a foreign judgment on the basis that the judgment is void for lack of jurisdiction is by a motion filed pursuant to Rule 60(b)(4).”). In Insurance Management & Administration, Inc. v. Palomar Insurance Corp., 590 So.2d 209, 212 (Ala.1991), we explained that we review de novo a trial court’s ruling on such a motion:
“The standard of review on appeal from the denial [or granting] of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989).”
Additionally, we note that “[t]he validity and effect of a foreign judgment, of course, are to be determined by the law of the state in which it was rendered.” Morse v. Morse, 394 So.2d 950, 951 (Ala.1981) (citing Forbes v. Davis, 187 Ala. 71, 65 So. 516 (1914)).
III.
The trial court held the default judgment entered by the New York court void for essentially two reasons — a perceived lack of due process in the service of process and its belief that the forum-selection clause in the promissory note was unenforceable. A review of the relevant New York law, however, reveals that Murphy was lawfully served and that he submitted to the jurisdiction of the New York court by signing a promissory note containing a clause designating New York as the venue for any and all legal disputes related to that note. In regard to whether the service of process provided Murphy complied with due-process requirements, we agree with the rationale of the United States District Court for the Southern District of New York, which decided a similar dispute involving Orix in Orix Financial Services, Inc. v. Kielbasa, (No. 01 Civ. 1789, Dec. 3, 2007) (S.D.N.Y.2007) (not published in F.Supp.2d):
“Service in New York[1] is governed by N.Y. C.P.L.R. § 308(3) (2007), which provides, in relevant part, that service of process may be made upon an individual ‘by delivering the summons within the state to the agent for service of the person to be served as designated under N.Y. C.P.L.R. § 318 (2007).’[2]
“[The defendant] contends that Orix did not fulfill the requirements of sections 308(3) and 318 of the C.P.L.R. Specifically, [the defendant] argues that the guaranty, as the writing that designated C-A Credit as [the defendant’s] agent, did not contain C-A Credit’s signed endorsement; that there is no proof that the guaranty was filed in the county clerk’s office; and that the guaranty was dated November 1995, more than three years prior to service of the complaint, and the designation of an agent remains in effect for only three years after the execution of the writing that designates the agent.
“C-A Credit was a valid agent for acceptance of senice of process on [the defendant’s] behalf, despite non-compliance with the provisions of the C.P.L.R. ‘It is well settled that parties to a con *1245 tract “may agree to service upon a third person with respect to litigation arising from the contract, even where that person is not an agent authorized under ... C.P.L.R. §318.’” Orix Financial Services, Inc. v. First Choice Freight Sys., Inc., No. 03 Civ. 9296(RMB) ... [not reported in F.Supp.2d] (S.D.N.Y. Aug. 1, 2006) (quoting Orix Financial Services, Inc. v. Baker, 1 Misc.3d 288, 291, 768 N.Y.S.2d 780 (N.Y.Sup.Ct. 2003)); see also National Equip. Rental v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1963). Here, it is undisputed that the guaranty expressly designated C-A Credit as [the defendant’s] agent for acceptance of service of process in New York. Thus, C-A Credit was a valid agent, despite C-A Credit’s non-compliance with technical provisions of C.P.L.R. section 318.
(Emphasis added.) See Orix Fin. Servs., Inc. v. Baker, 1 Misc.3d 288, 291, 768 N.Y.S.2d 780 (N.Y.Sup.Ct.2003) (recognizing that New York courts have held that service upon a designated agent agreed upon by the parties for the purpose of litigation arising from a contract dispute is acceptable); and National Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1963) (recognizing the validity of a provision in a contract creating agency for service of process in litigation in New York). Thus, New York law provides for the designation of an agent for the receipt of process in an action related to a contract dispute pursuant to the procedure set forth in N.Y. C.P.L.R. §§ 308 and 318 or within the contract itself. See also Fashion Page, Ltd. v. Zurich Ins. Co., 50 N.Y.2d 265, 272, 406 N.E.2d 747, 751, 428 N.Y.S.2d 890, 893 (1980) (“A corporation may appoint an agent to accept service without observing the formalities necessary to ‘designate’ an agent pursuant to C.P.L.R. § 318. Designation is merely a type of appointment which might, under certain circumstances, offer special benefits to the corporation or principal.... In any event the designation procedure is optional. It is not the only way of appointing an agent for receipt of process ....”). It is undisputed that the promissory note provided that C-A Credit could accept service on behalf of Murphy and that C-A Credit did in fact do so; therefore, service in this case was proper.
Moreover, Orix submitted evidence to the trial court, both documentary and in the form of affidavits from personnel at Orix and C-A Credit, indicating that both it and C-A Credit sent notice of the action to Murphy’s correct address. Murphy’s argument that the otherwise proper service effected on C-A Credit somehow became improper because he did not receive notice of the action is not supported by New York law. See Beckman v. Greentree Sec., Inc., 87 N.Y.2d 566, 570, 640 N.Y.S.2d 845, 663 N.E.2d 886, 888 (1996) (“Due process does not require actual receipt of notice before a person’s liberty or property interests may be adjudicated; it is sufficient that the means selected for providing *1246 notice was ‘reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,’ (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 [ (1950) ]).”).
We further note that although the trial court specifically found that Orix had selected C-A Credit as Murphy’s agent and that Murphy had not negotiated that aspect of the promissory note, Murphy has wisely chosen not to argue to this Court that the clause appointing C-A Credit as Murphy’s agent was unconscionable for that reason. We are aware of no New York caselaw that would support that argument, and caselaw from the Supreme Court of the United States would appear to weigh against it. See National Equipment Rental, Ltd. v. Szukhent, 375 U.S. at 317-18, 84 S.Ct. 411 (“It is argued, finally, that the agency sought to be created in this case was invalid because [the designated agent] may have had a conflict of interest. This argument is based upon the fact that she was not personally known to the respondents at the time of her appointment and upon a suggestion in the record that she may be related to an officer of the petitioner corporation. But such a contention ignores the narrowly limited nature of the agency here involved. [The designated agent] was appointed the respondents’ agent for the single purpose of receiving service of process. An agent with authority so limited can in no meaningful sense be deemed to have had an interest antagonistic to the respondents, since both the petitioner and the respondents had an equal interest in assuring that, in the event of litigation, the latter, be given that adequate and timely notice which is a prerequisite to a valid judgment.”).
Having established that Murphy was properly served via his designated agent C-A Credit, we now turn to the forum-selection clause and the issue whether Murphy submitted to the jurisdiction of the New York court when he signed the promissory note containing the forum-selection clause. New York courts generally enforce a forum-selection clause unless it is shown to be unreasonable. See, e.g., Brooke Group Ltd. v. JCH Syndicate 4-88, 87 N.Y.2d 530, 534, 663 N.E.2d 635, 637, 640 N.Y.S.2d 479, 481 (1996) (“Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract. Such clauses are prima facie valid and enforceable unless shown by the resisting party to be unreasonable.”). Our Court of Civil Appeals specifically recognized this fact in a similar case when it stated:
“Specifically, New York courts will enforce an otherwise valid forum-selection clause as a basis for .personal jurisdiction over a nonresident defendant unless enforcement of the clause would be
“ ‘unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court.’
“Premium Risk Group, Inc. [v. Legion Ins. Co.], 294 A.D.2d [345,] 346, 741 N.Y.S.2d [563,] 564 [(2002)]. Under New York law, a defendant challenging the enforcement of a forum-selection clause bears the burden of proving a basis for nonenforcement of the clause. Id.”
Ex parte Trinity Auto. Servs., Ltd., 974 So.2d at 1010-11. In the present case, Murphy successfully argued to the trial court that the clause was unreasonable, *1247 and therefore unenforceable, because: (1) he did not negotiate it; (2) it would be highly inconvenient for him to defend an action in New York because of the distance between New York and Alabama; and (3) he had insufficient contacts with New York to warrant being subject to suit there. The trial court erred, however, because, under the relevant law, none of these reasons is sufficient to merit the invalidation of the forum-selection clause.
Although Murphy did not negotiate the forum-selection clause in the promissory note, he nevertheless signed the note and is therefore subject to its terms. As the United States District Court for the Southern District of New York has stated:
“A forum selection clause can bind contracting parties even when the contract in question is a form contract and not subject to negotiation. See Carnival Cruise [Lines, Inc. v. Shute], 499 U.S. [585,] 593, 111 S.Ct. 1522 [ (1991) ] (enforcing a forum selection clause written on the backs of passenger ship tickets, despite the passengers’ objection that they had not been able to bargain over the tickets’ conditions); Design Strategy Corp. Iv. Nghiem], 14 F.Supp.2d [298,] 301 [ (S.D.N.Y.1998) ] (refusing to set aside a forum selection clause contained in a standard employment contract). By signing the Purchase Order Form, [the plaintiffs] officers accepted the prerequisites of doing business with [the defendant], and [the plaintiffs] complaint that it did not fully negotiate these conditions is unavailing. ‘The forum selection clause was part of the bargain into which [the plaintiff] freely entered,’ Bense [v. Interstate Battery Sys. of America, Inc.], 683 F.2d [718,] 722 [ (2d Cir.1982) ], and [the plaintiff] can not now escape its terms.”
Strategic Marketing & Commc’ns, Inc. v. Kmart Corp., 41 F.Supp.2d 268, 272 (S.D.N.Y.1998).
Similarly, our Court of Civil Appeals has previously reviewed New York law and addressed the arguments that the distance between Alabama and New York makes defending an action in New York so inconvenient as to make it unreasonable to defend one’s self in a New York court, and that an Alabama defendant must have some level of minimum contacts with New York, even in the presence of a forum-selection clause identifying New York as the forum for a dispute, to be subject to suit there and found those arguments to be lacking. In Ex parte Trinity Automotive Services, Ltd,., the Court of Civil Appeals specifically stated:
“[U]nder New York law, the distance between Alabama and New York is not sufficient to hold that the forum-selection clause in the present case is unenforceable in the absence of any evidence that [the defendant] was unable to travel to New York for the purpose of defending itself against [the plaintiff’s] claim.”
974 So.2d at 1013. Similarly, Murphy has presented no evidence in the present case indicating that he would be utterly unable to travel to New York to defend himself in an action in that forum.[2] In that same case, the Court of Civil Appeals stated:
*1248 “[A] forum-selection clause can be sufficient under federal and New York law, without more, to vest a New York court with jurisdiction over a nonresident defendant, notwithstanding the defendant’s lack of sufficient contacts with the State of New York or an independent jurisdictional basis under the New York long-ann statute. See Burger King Corp. [v. Rudzewicz], 471 U.S. [462,] 472 n. 14, 105 S.Ct. 2174[, 2182 n. 14 (1985)].”
Ex parte Trinity Auto. Setvs., Ltd., 974 So.2d at 1011 n. 4. Thus, whether Murphy had some other level of contact with New York is ultimately irrelevant to a determination of whether the forum-selection clause should be enforced.
IV.
The trial court held that the default judgment entered against Murphy by a New York court was void because Murphy had not been served and because that court did not have personal jurisdiction over Murphy. However, because the agent Murphy designated in the promissory note to receive service on his behalf was properly served and because the promissory note contained a valid forum-selection clause designating New York as the appropriate venue for any disputes related to the promissory note, the trial court’s judgment was erroneous. The default judgment entered against Murphy in New York is valid and Orix has established that it is now entitled to domestication of that judgment in Alabama. Accordingly, the judgment entered by the trial court is hereby reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, LYONS, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs specially.

. When Murphy entered into this transaction, the name of the other party to the note was Orix Credit Alliance, Inc. On September 26, 2000, Orix Credit Alliance formally changed its name to Orix Financial Services, Inc. For convenience, the entity is referred to simply as ‘'Orix” throughout this opinion.

"1 The guaranty provides, and the parties agree, that this case is governed by New York law.

“2Section 318, in turn, states: ‘A person may be designated by a natural person, corporation or partnership as an agent for service in a writing, executed and acknowledged in the same manner as a deed, with the consent of the agent endorsed thereon. The writing shall be filed in the office of the clerk of the county in which the principal to be served resides or has its principal office. The designation shall remain in effect for three years from such filing unless it has been revoked by the filing of a revocation, or by the death, judicial declaration of incompetency or legal termination of the agent or principal.’ ”

. Under New York law, a party seeking the invalidation of a forum-selection clause must do more than merely establish that it would be expensive, time-consuming, and inconvenient to defend a claim in a New York court. Rather, the party must show that such a trial " 'would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court.' ” Bell Constructors, Inc. v. Evergreen Caissons, Inc., 236 A.D.2d 859, 860, 654 N.Y.S.2d 80, 81 (N.Y.App.Div.1997) (quoting Price v. Brown Group, Inc., 206 A.D.2d 195, 198, 619 N.Y.S.2d 414, 416 (N.Y.App.Div.1994)).