MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write separately to comment briefly upon the standard of review and to explain my understanding of the Court’s holding today regarding service of process.
First, I agree with the proposition that appellate review in this case is de novo, as it typically is in appeals from the denial of a motion filed under Rule 60(b)(4), Ala. R. Civ. P. This case, like most such cases, does not involve factual findings by the trial court based on live testimony of witnesses that could implicate the ore tenus rule and thereby require some deference by this Court to the findings of the trial court. The factual findings of the trial court in this case were based upon affidavits and documentary evidence, evidence which this Court is as competent to assess as was the tidal court.
As for the merits of this case, the main opinion states that “the promissory note provided that C-A Credit could accept service on behalf of Murphy and that C-A Credit did in fact do so; therefore, service in this case was proper.” 9 So.3d at 1245 (emphasis added). That statement is correct so far as it goes, but it should not in my opinion be read to mean that service on C-A Credit alone is all that was required to make “service in this case ... proper.” It is important to note that the same contractual provision by which Murphy authorized Orix to deliver process to C-A Credit, instead of directly to Murphy, coupled that authorization with a requirement that Orix contemporaneously (within three days) mail notice of any legal action in a prescribed manner directly to Murphy. In the present case, however, the record indicates that this mailing requirement was met.
*1249 The main opinion goes on to state (1) that Orix submitted evidence “both documentary and in the form of affidavits from personnel at Orix and C-A Credit” indicating that they each had mailed notice of the lawsuit to Murphy, and (2) that Murphy’s argument that sendee upon him was “somehow ... improper because he did not receive [the mailed notices] is not supported by New York law.” 9 So.3d at 1245 (emphasis added).[3] In the context of the particular contractual provisions of the promissory note at issue in this case, I agree that actual receipt by Murphy is not the condition to which he and Orix agreed. The provision in the promissory note for notice to be addressed either to the address shown on the note or to Murphy’s “last known address,” and posted via “certified mail” (with no requirement for a signed, returned receipt), is more consistent with a contractual obligation by the plaintiff to mail the notification in a certain manner than with a contractual condition that the defendant actually receive that mailing. Having agreed to this method of notification as a supplement to the formal service of process upon C-A Credit, Murphy in essence took the risk that it would be effective. See Beckman v. Greentree Sec., Inc., 87 N.Y.2d 566, 570, 640 N.Y.S.2d 845, 663 N.E.2d 886, 888 (1996) (“The notice procedure chosen need not eliminate all risk that notice might not actually reach the affected party.”); see also note 3, supra.
I do not read the main opinion as saying that it would make no difference if the record before us indicated that Orix and C-A Credit did not actually mail the required notifications to Murphy in the agreed-upon manner. In such an event, the contractually agreed-upon method of service, formal service upon a specially designated New York-based agent coupled, with a supplemental notification by mail, would not have been fully satisfied. Cf. National Equip. Rental, Ltd. v. Szukhent, 375 U.S. 311, 318, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) (“A different case would be presented if [the designated agent] had not given prompt notice to the respondents, for then the claim might well be made that her failure to do so had operated to invalidate the agency.”) (quoted with approval in Orix Fin. Servs., Inc. v. Baker, 1 Misc.3d 288, 290, 768 N.Y.S.2d 780, 782 (2003)).
But that is not the case before us. In the ease before us, affidavits from both Orix and C-A Credit evidence the actual mailing of the notifications to Murphy. Furthermore, the record contains a copy of a certified-mail receipt evidencing the mailing by Orix to the required address. In response, Murphy’s affidavit essentially is limited to an averment that he did not receive these mailings. I also note that he did not assert that the address to which Orix and C-A Credit averred that they mailed the required notices was not his correct address. Based on this evidence and the above-described law, I agree that the New York judgment in favor of Orix should be domesticated.

. As the main opinion goes on to note, due process, and not just New York law alone, " 'does not require actual receipt of notice before a person’s liberty or property may be adjudicated; it is sufficient that the means selected for providing notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” ' " 9 So.3d at 1246 (quoting Beckman v. Greentree Sec., Inc., 87 N.Y.2d 566, 570, 640 N.Y.S.2d 845, 663 N.E.2d 886, 888 (1996)) (emphasis added).