Weston, J.E
(dissenting and voting to reverse the judgment and grant petitioner’s application to confirm the arbitration award in the following memorandum).
At issue on this appeal is whether the commercial lease agreement entered into by the parties authorized service of the notice of petition and petition by mail. In my opinion, such service was proper.
Although CFLR 403 (c) requires that a notice of petition and petition be served in the same manner as a summons, this requirement is inapplicable where, as here, the parties have agreed to an alternate method of service (see Credit Car Leasing Corp. v Elan Group Corp., 185 AD2d 109 [1992]; Matter of Fernandez [Universal Underwriters Ins. Co.], 130 AD2d 657 [1987]; see also Smith v Positive Prods., 419 F Supp 2d 437 [SD NY 2005] [New York law, which requires notice by registered mail or personal service, was inapplicable, where both parties agreed that the rules of the American Arbitration Association would govern the arbitration and those rules provided for service by *83 mail]; Matter of Andy Floors, Inc. [Tyler Constr. Corp.], 202 AD2d 938, 939 [1994] [“It is well established that the parties to an arbitration agreement may prescribe a method of service different than that set forth in CPLR 7503”]). Pursuant to the commercial lease agreement, both parties expressly agreed that all disputes “shall ... be determined by arbitration administered by the National Arbitration Association . . . under its Commercial Arbitration Rules, www.natarb.com.” Rule 38 of the Commercial Arbitration Rules provides, in relevant part, that service of process in any action or proceeding to confirm an award may be made by mail. (Arbitration Services, Inc., Commercial Arbitration Rules, http://www.natarb.com/arbrules.htm.)
Under the lease’s unambiguous language, respondent consented to service by mail. Although the lease did not specifically identify the manner of service, the intent of the agreement is clear: both parties consented to be bound by the rules of the National Arbitration Association in the event of a dispute and those rules, in turn, provide for service by mail. The fact that the agreement did not include the rules themselves or identify the particular rule at issue did not render the notice given insufficient, especially where the lease was negotiated between two sophisticated parties. Moreover, as long as the method of notice is “reasonably calculated to apprise affected parties of the pendency of the action and afford them an opportunity to present objections,” due process requirements will have been met (Matter of Case v Monroe Community Coll., 89 NY2d 438, 442 [1997], citing Matter of Beckman v Greentree Sec., 87 NY2d 566, 570 [1996]). Other than respondent’s failure to answer or appear at the arbitration hearing, the majority cites to nothing that would lead petitioner to believe that the agreed-upon method of service was not “reasonably calculated” to apprise respondent of the pendency of the instant action (compare Matter of Republique Francaise [Cellosilk Mfg. Co.], 309 NY 269 [1955] [mailing of notices was insufficient to apprise appellant of action, where notices had been returned to respondent unopened and respondent was aware of appellant’s dissolution]). Accordingly, I vote to reverse the judgment and grant the petition to confirm the arbitration award.
Rios and Steinhardt, JJ., concur; Weston, J.E, dissents in a separate memorandum.