In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated January 16, 2009, the petitioner appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts dated April 11, 2011, which affirmed a judgment of the Civil Court of the City of New York, Queens County (Culley, J.), dated June 29, 2009, which, upon an order of the same court entered May 7, 2009, sua sponte directing the dismissal of the petition, dismissed the proceeding for lack of personal jurisdiction.
Ordered that the order dated April 11, 2011, is reversed, on the law, with costs, the judgment of the Civil Court of the City of New York, Queens County, dated June 29, 2009, is reversed, the order entered May 7, 2009, is vacated, the petition is reinstated, and the matter is remitted to the Civil Court of the *797 City of New York, Queens County, for a determination of the petition on the merits.
The parties entered into a written agreement pursuant to which the petitioner agreed to provide security monitoring and alarm services to the respondent for a period of 10 years. The agreement provided that, at the option of either party, any dispute between the parties was to be determined by arbitration administered pursuant to the commercial arbitration rules of the National Arbitration Association. Those rules, in relevant part, authorized service of process in any proceeding to confirm an arbitration award to be effected by regular mail addressed to the respondent or the respondent’s attorney.
After securing an arbitration award against the respondent, the petitioner commenced the instant proceeding to confirm the award, and served the notice of petition and petition upon respondent and its principal by regular mail. The Civil Court sua sponte dismissed the proceeding for lack of personal jurisdiction, and the Appellate Term for the Second, Eleventh, and Thirteenth Judicial Districts affirmed.
CPLR 403 (c) provides that “[a] notice of petition shall be served in the same manner as a summons in an action.” Absent an agreement to the contrary, the simple mailing of a notice of petition and petition by ordinary mail is not a method of service authorized by the CPLR for the commencement of a proceeding pursuant to CPLR article 75 (see Matter of Star Boxing, Inc. v DaimlerChrysler Motors Corp., 17 AD3d 372 [2005]). However, parties to an arbitration agreement may prescribe a method of service different from that set forth in the CPLR (see Matter of Andy Floors, Inc. [Tyler Constr. Corp.], 202 AD2d 938 [1994]). Here, under the terms of their agreement, the parties consented to service by mail of a notice of petition and petition to confirm an arbitration award, pursuant to the commercial arbitration rules of the National Arbitration Association, which authorized service by regular mail. Service by regular mail was therefore proper (see Matter of Fernandez [Universal Underwriters Ins. Co.], 130 AD2d 657 [1987]; see also Smith v Positive Prods., 419 F Supp 2d 437, 446 [SD NY 2005]).
Furthermore, due process does not require actual receipt of the notice of petition or that the notice procedure eliminate all risk of nonreceipt (see Matter of Case v Monroe Community Coll., 89 NY2d 438, 442 [1997]). Service of the notice of petition and petition by regular mail to the address indicated on the parties’ contract was notice reasonably calculated, under all of the relevant circumstances, to apprise the respondent of the pendency of the proceeding (see Matter of Beckman v Greentree Sec., 87 NY2d 566, 571 [1996]).
*798 Accordingly, the Civil Court should not have sua sponte dismissed the proceeding for lack of personal jurisdiction, and the matter must be remitted to that court for a determination of the petition on the merits. Mastro, J.E, Austin, Sgroi and Miller, JJ., concur.